# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| CRISTIAN U.L., | Case No. 26-CV-671 (NEB/ECW) |
| Petitioner, | |
| v. | ORDER ON PETITION FOR WRIT OF HABEAS CORPUS |
| PAMELA BONDI, Attorney General, KRISTI NOEM, Secretary, U.S. Department of Homeland Security; TODD M. LYONS, Acting Director of Immigration and Customs Enforcement; and DAVID EASTERWOOD, Acting Director, St. Paul Field Office Immigration and Customs Enforcement, | |
| Respondents. | |

This matter is before the Court on Petitioner Cristian U.L.'s Petition for a Writ of Habeas Corpus. (ECF No. 1 ("Pet.").) Cristian U.L. is a citizen of Ecuador who has lived in the United States since June 2021. (*Id.* ¶ 12.) He has a pending asylum case. (*Id.* ¶ 13.) Cristian U.L. is a father of two; his two-year-old is a U.S. citizen and his seven-year-old has a pending asylum case. (*Id.* ¶ 15.) He works at a sushi restaurant and provides financial support for his children. (*Id.*) He has a few minor traffic violations but otherwise has no criminal record. (*Id.* ¶ 14.)

On January 23, 2026, during an immigration check-in, Immigration and Customs Enforcement ("ICE") took Cristian U.L. into custody without a warrant. (*Id.* ¶ 16.) Afterwards, Cristian U.L. filed this habeas action challenging his detention under 28 U.S.C. § 2241. He has been detained in Minnesota since his arrest. (*Id.* ¶ 20.)

Cristian U.L. is one of hundreds of petitioners in the District who have challenged their custody without an individualized bond determination. Like those petitioners, Cristian U.L. argues he has been misclassified as a detainee under 8 U.S.C. Section 1225(b)(2) of the Immigration and Nationality Act ("INA") rather than Section 1226(a). Detention is mandatory under Section 1225(b)(2), but discretionary under Section 1226(a); and Section 1226(a), unlike Section 1225, provides for a bond hearing. 8 U.S.C. §§ 1225, 1226; *see also Jose J.O.E. v. Bondi*, 797 F. Supp. 3d 957, 961–62 (D. Minn. 2025) (describing the legal framework of Sections 1225 and 1226).

Because he has been living in the United States since he entered the country over four years ago, Cristian U.L. asserts that Section 1226, rather than Section 1225, applies. He therefore argues that his detention under Section 1225(b)(2) violates the Fifth Amendment, INA, and the Administrative Procedure Act.

The Court has already concluded that petitioners similarly situated to Cristian U.L. are governed by Section 1226 rather than Section 1225. *Andres R.E. v. Bondi*, No. 25-CV-3946 (NEB/DLM), 2025 WL 3146312 (D. Minn. Nov. 4, 2025). Section 1225(b)(2)

applies to applicants "seeking admission," but the government did not detain Cristian U.L. while he was entering the United States. Instead, he was detained while "already in the country." *See Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018) (construing 8 U.S.C. Sections 1226(a) and (c)). So, Section 1226 applies.

The Court is not alone in its decision; rather, the majority of courts to rule on the matter—including the only federal court of appeals to weigh in on the issue—came to the same conclusion as *R.E. See, e.g.*, *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1060–62 (7th Cir. 2025); *Francisco T. v. Bondi*, 797 F. Supp. 3d 970, 974–76 (D. Minn. 2025); *Belsai D.S. v. Bondi*, --- F. Supp. 3d ---, No. 25-CV-3682 (KMM/EMB), 2025 WL 2802947, at *6–7 (D. Minn. Oct. 1, 2025); *Eliseo A.A. v. Olson*, --- F. Supp. 3d ---, No. 25-CV-3381 (JWB/DJF), 2025 WL 2886729, at *2–4 (D. Minn. Oct. 8, 2025); *Avila v. Bondi*, No. 25-CV-3741 (JRT/SGE), 2025 WL 2976539, at *5–7 (D. Minn. Oct. 21, 2025), *appeal filed*, No. 25-3248 (8th Cir. Nov. 10, 2025); *E.M. v. Noem*, 25-CV-3975 (SRN/DTS), 2025 WL 3157839, at *4–8 (D. Minn. Nov. 12, 2025); *Santos M.C. v. Olson*, No. 25-CV-4264 (PJS/DJF), 2025 WL 3281787, at *2–3 (D. Minn. Nov. 25, 2025).

Cristian U.L.'s pending asylum case does not change the Court's analysis. A pending asylum application does not transform someone who has resided in the country for years into someone "seeking admission" for Section 1225 purposes. Rather, to the extent asylum applicants "seek" anything, it is "not 'admission' or 'lawful entry' to the

United States, but to obtain a lawful means to remain here." *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 489 n.7 (S.D.N.Y. 2025); *Barco Mercado v. Francis*,--F. Supp. 3d --, No. 25-CV-6582 (LAK), 2025 WL 3295903, at *5 (S.D.N.Y. Nov. 26, 2025) ("A noncitizen [with a pending asylum application] who already has entered the United States illegally and is living here cannot be said to be actively seeking lawful entry into the United States. The entry, whether lawful or unlawful, occurred years ago."). Cristian U.L. is thus not subject to mandatory detention under Section 1225.

Respondents effectively concede that the Court's decision in *R.E.* controls Cristian U.L.'s Petition but ask the Court to reconsider its position in light of decisions from the minority viewpoint and refers the Court to Respondents' arguments in *Avila v. Bondi*, No. 25-3248 (8th Cir. Docketed Nov. 10, 2025). (ECF No. 5.) The Court is not persuaded by the minority viewpoint; it has already considered and rejected those arguments in *R.E.*[1]

The Court therefore grants the Petition for Writ of Habeas Corpus, but the issue of remedy remains. Cristian U.L. requests immediate release, while Respondents assert that a bond hearing would be the proper remedy. Several courts in this District have concluded that petitioners detained by ICE without an administrative warrant, which is required by Section 1226(a), should be immediately released. *E.g.*, *Ahmed M. v. Bondi*, 25-

---

[1] The Court notes that Respondents' arguments to the contrary are preserved for appeal.

CV-4711 (ECT/SGE), 2026 WL 25627, at *7 (D. Minn. Jan. 5, 2026); *Juan S.R. v. Bondi*, 26-CV-5 (PJS/LIB) (Jan. 12, 2026), ECF No. 8 at 3–4; *see also* 8 U.S.C. § 1226(a) ("On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States.").

Cristian U.L. asserts that his arrest was warrantless. The Court ordered Respondents to produce evidence to establish the lawfulness and correct duration of Cristian U.L.'s detention in light of issues raised by the habeas petition. Respondents did not submit a warrant to support Cristian U.L.'s arrest, and they acknowledge that many judges in this District conclude that a warrantless arrest of a petitioner necessitates immediate release. (ECF No. 5.) Because a warrant is a prerequisite to detention under Section 1226(a), and there was no warrant here, Cristian U.L.'s detention lacks a lawful predicate. *Vedat C. v. Bondi*, No. 25-CV-4642 (JWB/DTS) (D. Minn. Dec. 19, 2025), ECF No. 9 at 6; *Chogllo Chafla v. Scott*, --- F. Supp. 3d ---, No. 2:25-CV-437, 2025 WL 2688541, at *11 (D. Me. Sept. 21, 2025), *appeal filed* (Nov. 6, 2025). The Court therefore orders the immediate release of Cristian U.L.

## CONCLUSION

Based on the foregoing and on all the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. The Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED. The Court:

    a. DECLARES that Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2), and is instead subject to detention, if at all, pursuant to the discretionary authority of 8 U.S.C. § 1226;

    b. ORDERS that Respondents release Petitioner from custody in Minnesota as soon as practicable with coordination or at least two hours' advance notice to counsel, but not later than 24 hours after entry of this Order;

    c. ORDERS that Respondents release Petitioner in Minnesota with all his personal effects, including all personal property seized during his arrest such as, but not limited to, immigration paperwork;

    d. ORDERS that, within **two days** of release, the Respondents shall file notice on the docket confirming that release within Minnesota has occurred; and

    e.  ENJOINS Respondents from moving Petitioner outside of Minnesota prior to Compliance with this Order. If Petitioner has already been removed from Minnesota, Respondents are ORDERED to immediately return Petitioner to Minnesota.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: January 28, 2026        BY THE COURT:
Time: 4:15 p.m.          s/Nancy E. Brasel
                 Nancy E. Brasel
                 United States District Judge